Opinion issued November 29, 2007













In The
Court of Appeals
For The
First District of Texas




NOS. 01-06-00481-CR
          01-06-00482-CR




MISKIN ABDUL KAMARA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause Nos. 1023214 & 1016010




MEMORANDUM OPINION
          A jury convicted appellant, Miskin Abdul Kamara, of murder (trial court case
number 1016010; appellate court case number 01-06-00482-CR) and escape from
custody (trial court case number 1023214; appellate court case number
01-06-00481-CR), and assessed punishment at seventy years in prison for the murder
and ten years for the escape. Tex. Penal Code Ann. §§ 19.02, 38.06 (Vernon 2003). 
In five points of error, appellant argues that: (1) the evidence is legally insufficient
to sustain the verdict on the escape charge; (2) he received ineffective assistance of
counsel; (3) the trial court erred by denying a motion for continuance; (4) the trial
court erred by allowing improper testimony from punishment witnesses; and (5) the
trial court committed reversible error by allowing the prosecutor to inject his personal
opinion, argue facts not in the record, and attack appellant over the shoulders of his
counsel. We affirm.
Background
          On January 18, 2005, appellant and the victim, Arthur Myles, had a fistfight at
the Forum Park Apartments. After the fight, the victim and his friend, Harry Frazier,
proceeded to look for guns out of fear of appellant. Shortly thereafter, a dark Grand
Am or Monte Carlo with four people inside pulled up and parked in the apartment
parking lot. Appellant, carrying a rifle, and two others ran up to the victim, and
appellant ordered the victim to leave and never come back or appellant would kill
him. The victim walked across the parking lot and sat down. Appellant entered the
victim’s apartment and kicked all of the occupants out. When appellant left the
apartment, the victim was standing in front of it. Appellant knocked down the victim,
attempted to kick him in the face, and subsequently shot him once in the back of the
head, killing him. Before leaving the scene, appellant pulled down the victim’s pants
and took things from his pockets. Frazier attempted to assist the victim, but did not
get a response. Frazier asked a tow-truck driver who had come to the scene to call
9-1-1.
          Frazier was picked up on an unrelated drug case nearly one week later. While
in jail, he was asked if he could identify a photograph of the person who shot the
victim. Frazier identified appellant as the shooter.
          Appellant was arrested on April 11, 2005 pursuant to a warrant charging him
with capital murder. On April 12, 2005, Houston Police Department Officer Felder
took appellant from jail to Ben Taub Hospital for treatment of a hand injury. Felder
handcuffed appellant to a bed in a waiting area after X rays of his hand were taken. 
Appellant managed to get out of the handcuffs and attempted to flee the hospital. 
However, Felder tackled and subdued appellant in the hospital.
Discussion
Fatal variance
          In point of error one, appellant contends that the evidence is legally insufficient
to support his conviction for felony escape because of a fatal variance between the
indictment, evidence, and court’s charge. Appellant was initially charged with capital
murder, which was the pending charge when appellant escaped from custody. 
Appellant was indicted for escaping from custody at a time when he was charged by
felony information with the offense of capital murder. Appellant’s indictment for
escape alleged that appellant escaped from custody while in custody, not while
indicted for capital murder, and the court’s charge to the jury reflected the
capital-murder charge. Appellant, however, was never indicted for capital murder,
but was instead indicted on the lesser-included offense of murder. Appellant argues
that the escape from custody charge may have been proven except for the element of
the underlying offense for which appellant was in custody.
          “A ‘variance’ occurs when there is a discrepancy between the allegations in the
charging instrument and the proof at trial.” Gollihar v. State, 46 S.W.3d 243, 246
(Tex. Crim. App. 2001). When we review a sufficiency of the evidence claim based
upon a variance between the indictment and the proof, only a “material” variance will
render the evidence insufficient. Id. at 257. A variance is material if it fails to inform
the defendant of the charge against him sufficiently to allow him to prepare an
adequate defense at trial, and if prosecution under the deficiently drafted indictment
would subject the defendant to the risk of being prosecuted later for the same crime. 
Id. at 248. A variance that is not prejudicial to a defendant’s “substantial rights” is
immaterial. Id.
          Appellant contends that because he was ultimately tried on the charge of
murder, the escape indictment should have reflected the murder charge rather than the
capital-murder charge. However, the April 29, 2005 murder indictment had nothing
to do with the April 12, 2005 complaint charging appellant with escape, because it
was the offense for which appellant was in custody when he escaped—not the offense
for which he was subsequently indicted—that was alleged in the escape indictment. 
The evidence adduced at trial from Officers Baimbridge, Ragsdale, and Felder
confirmed that appellant was in custody pursuant to the capital murder charge at the
time of the escape. Finally, the court’s charge to the jury regarding the escape
properly included the allegation that appellant was in custody pursuant to the capital
murder charge. Both the May 12, 2005 escape indictment and the court’s charge
properly reflected that appellant was in custody for capital murder at the time of the
escape.
          We hold that there was no variance, let alone a fatal variance, between the
allegations in the indictment filed on May 12, the evidence adduced at trial, and the
jury charge. Because we have found no variance between the indictment, the
evidence, and the court’s charge, an examination of the materiality of the alleged
variance is unnecessary.
          We overrule point of error one.
Ineffective assistance of counsel
          In point of error two, appellant argues that he received ineffective assistance
of counsel. He alleges four errors or omissions as instances of ineffective assistance:
(1) failing to follow through with the investigator to question Tim Wilkerson, the
tow-truck driver who called 9-1-1; (2) failing to correct the impression with the jury
that appellant may have another murder or capital murder charge in addition to the
one for which he was on trial; (3) failing to voir dire a police officer outside the jury’s
presence before the officer said that appellant had a bad reputation; and (4) failing to
object to the State’s alleged improper closing arguments.
          To be entitled to a new trial based on ineffective assistance, an appellant must
show that counsel’s performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment, and there is a reasonable probability
that, but for counsel’s error, the result of the proceedings would have been different. 
See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984);
Hernandez v. State, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). The defendant
bears the burden to prove ineffective assistance of counsel. See Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064. Allegations of ineffective assistance of counsel must be
firmly founded in the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996).
          In his brief, appellant states that he “incorporates by reference all the above and
following references to the record, argument and authorities in this Point of Error.” 
Appellant proceeds to list general standards for ineffective assistance of counsel
without explaining how the alleged errors and omissions rise to the level of
ineffective assistance. Appellant neither cites any authority to support the four
specific instances he claims constituted ineffective assistance, nor does he otherwise
analyze them.
          The Texas Rules of Appellate Procedure state that appellant’s brief “must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.” Tex. R. App. P. 38.1(h). A vague
statement regarding incorporation of “all the above and following references to the
record” does not meet this requirement. Furthermore, “[a]n argument that fails to cite
supporting authority presents nothing for review.” Rocha v. State, 16 S.W.3d 1, 20
(Tex. Crim. App. 2000); see also McFarland, 928 S.W.2d at 509 n.25 (citing former
Tex. R. App. P. 74(f), 11 Tex. Reg. 2002 (Tex. Crim. App. 1986, superceded 1997)). 
We hold that appellant’s arguments relating to ineffective assistance of counsel are
not sufficiently briefed.
          We overrule point of error two.
Motion for continuance
          In point of error three, appellant argues that the trial court erred by failing to
grant his motion for continuance based on being unable to locate Tim Wilkerson, a
material witness, who may have exonerated appellant. Appellant’s trial counsel
stated in her motion for continuance filed on the day of the trial that she hired an
investigator on April 20, 2005 to locate Tim Wilkerson, the tow-truck driver who
called 9-1-1. On May 11, 2006, the investigator informed defense counsel that he had
traced Wilkerson to an address in North Carolina but he had been unable to obtain a
phone number. The trial court denied the motion for continuance. We review the
trial court’s decision to grant or deny a motion for continuance under an
abuse-of-discretion standard. Janecka v. State, 937 S.W.2d 456, 469 (Tex. Crim.
App. 1996); Greene v. State, 124 S.W.3d 789, 793 (Tex. App.—Houston [1st Dist.]
2003, pet. ref’d).
          Among other requirements, the Code of Criminal Procedure requires a motion
for continuance based on a missing witness to show that diligence has been exercised
to procure the witness’s attendance. Tex. Code Crim. Proc. Ann. art. 29.06(2)
(Vernon 2006). The Court of Criminal Appeals has interpreted this to mean “not only
diligence in procuring the presence of the witness, but also diligence as reflected in
the timeliness with which the motion for continuance was presented.” Dewberry v.
State, 4 S.W.3d 735, 756 (Tex. Crim. App. 1999). In Dewberry, the Court held that
appellant had failed to meet the article 29.06 requirement of diligence when he
requested a continuance after the start of trial. Id.; see also Kelly v. State, 471 S.W.2d
65, 66 (Tex. Crim. App. 1971) (holding that motion for continuance filed on day of
trial failed to show required diligence).
          In the present case, appellant failed to show the required diligence in procuring
Wilkerson’s attendance. The motion for continuance was filed on the day of the trial,
after several resettings of the trial date. Furthermore, appellant had over a year to
locate Wilkerson. We hold that the trial court did not abuse its discretion by denying
the motion for continuance.
          We overrule point of error three.
Punishment witnesses
In point of error four, appellant argues the following:
The trial court erred with punishment witnesses by: (1) allowing them
to testify, over defense objection, after the State failed to provide the
required notice of their background; and (2) by refusing to allow
appellant’s lawyer to voir dire the punishment witnesses who were, in
fact unable to identify appellant as a suspect.

At the punishment proceedings, appellant requested information concerning the prior
convictions of the punishment witnesses to be called by the State. The prosecutor
explained that another assistant district attorney had subpoenaed “27 or 30 people”
and he did not have those records. The trial court instructed appellant’s lawyer that
she could “ask the question,” meaning that appellant’s lawyer would have to ask any
punishment witness about prior convictions for the purpose of impeachment. 
Appellant then objected “to the lack of notice,” which the trial court overruled.
          In the first part of point of error four, appellant complains that the State failed
to provide information concerning the background of the State’s punishment
witnesses. Appellant cites the notice requirement of Code of Criminal Procedure
article 37.07, section 3(g) as support for his argument that the State was required to
give notice of witnesses’ backgrounds. It states in part:
If the attorney representing the state intends to introduce an extraneous
crime or bad act that has not resulted in a final conviction in a court of
record or a probated or suspended sentence, notice of that intent is
reasonable only if the notice includes the date on which and the county
in which the alleged crime or bad act occurred and the name of the
alleged victim of the crime or bad act.
 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon 2006). The record reflects
that the State filed a document entitled “Notice of intention to use evidence of prior
convictions and extraneous offenses.” A review of this document shows that the
State complied with article 37.07, section 3(g). Furthermore, article 37.07, section
3(g) is irrelevant to appellant’s argument because it does not require that the State
give notice of the punishment witnesses’ prior convictions. Article 37.07, section
3(g) merely requires that the State give notice of its intention to introduce evidence
of the defendant’s prior convictions and bad acts. Appellant’s argument that the State
failed to provide the backgrounds of its punishment witnesses has no merit.
          In the second part of point of error four, appellant complains specifically that
he was not allowed to voir dire punishment witnesses Jonathan Martinez, Sergio
Diaz, Jr., and Sergio Diaz, Sr. It is well-established that a defendant must be given
an opportunity to voir dire a reputation witness prior to the witness’s testifying before
the jury. See Jones v. State, 641 S.W.2d 545, 551 (Tex. Crim. App. 1982); Scott v.
State, 162 S.W.3d 397, 402–03 (Tex. App.—Beaumont 2005, pet. ref’d). If a witness
is allowed to testify before it is established that the witness is qualified to give an
opinion as to the reputation of the defendant, incurable harm may be done. Jones,
641 S.W.2d at 552.
          Appellant did not request to voir dire Martinez, Diaz, Jr. and Diaz, Sr. before
they began testifying. During the punishment phase, the record reflects that Martinez
began to testify that he couldn’t remember what the person who assaulted him looked
like. Appellant then challenged the admissibility of the extraneous offense outside
the presence of the jury. During voir dire questioning it became clear that Martinez
would not identify appellant as the perpetrator of the extraneous offense. Defense
counsel objected to Martinez’s testimony and the objection was sustained. Appellant
has nothing to complain about because Rodriguez did not ultimately testify in regard
to this extraneous offense. Appellant had no need to voir dire Rodriguez because he
received all the relief he requested.
          Diaz, Jr. testified that his bicycle was stolen. He began to state that he could
not remember if appellant was the same person who stole his bicycle. Appellant
objected, and Diaz, Jr. was subsequently questioned outside the presence of the jury. 
The State elicited testimony from Diaz, Jr. identifying appellant as the person who
stole his bicycle. The State passed the witness, and appellant stated, “I have no
questions.” Diaz, Jr. then testified in the presence of the jury and identified appellant
as the bicycle thief without objection from defense counsel. The record reflects that
defense counsel was given an opportunity to voir dire the witness but did not take it. 
Therefore, appellant has waived any complaint in this regard. See Tex. R. App. P.
33.1(a)(1)(A) (providing that party must make timely request, objection, or motion
stating grounds for ruling that complaining party sought in order to present complaint
for appellate review); see Rhoades v. State, 934 S.W.2d 113, 127 (Tex. Crim. App.
1996) (discussing “timeliness” requirement for motions and objections).
          Finally, appellant complains it was error to not allow voir dire questioning of
Diaz, Sr. The record reflects that Diaz, Sr. began to say he could not identify
appellant as the bicycle thief. Appellant requested that the jury be instructed to
disregard the testimony of Diaz, Sr., which the trial court overruled. Appellant then
requested “a proffer as to identity outside the jury’s presence.” The trial court replied,
“Not right now.”
          Appellant’s point on appeal is that the trial court erred in not allowing him to
voir dire Diaz, Sr. outside the jury’s presence, not that the trial court erred in refusing
to instruct the jury to disregard Diaz, Sr.’s testimony. As Diaz, Sr. had admitted in
the presence of the jury that he could not identify appellant as the thief, an
opportunity to voir dire him regarding the identity of the thief was unnecessary and
did not constitute error.
          We overrule appellant’s point of error four. 
Improper final argument
          In point of error five, appellant contends that the State made improper closing
arguments by injecting personal opinion, arguing facts not in evidence, and attacking
appellant over the shoulders of counsel.
          Proper jury argument should generally fall within one of four categories: (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3) answer
to argument of opposing counsel; or (4) plea for law enforcement. Brandley v. State,
691 S.W.2d 699, 712 (Tex. Crim. App. 1985); Baker v. State, 177 S.W.3d 113, 125
(Tex. App.—Houston [1st Dist.] 2005, no pet.). Appellant complains that the
prosecutor injected his personal opinion when he stated, “[T]o suggest that because
it is our evidence, we believe it, that is really far-fetched because we don’t believe it.” 
In addition, appellant argues that the prosecutor attacked appellant over the shoulders
of his counsel when he stated the following during closing arguments:
Now the Defense Attorney will -- you know, when we have a good
circumstantial case, the Defense attorneys are always screaming that,
you know, Hey, nobody saw the thing happen, you know. Nobody saw
it happen, you know. And then there is an eyewitness and it is, Hey,
where is the circumstantial evidence? It is just an eyewitness. So, either
way, it is always going to be wrong. It’s always going to be taken the
other way.
The record reflects that defense counsel did not object to these statements. As a
prerequisite to presenting a complaint for appellate review, the record must show that
the complaint was made to the trial court by a timely request, objection, or motion. 
Tex. R. App. P. 33.1(a)(1); McDonald v. State, 186 S.W.3d 86, 91 (Tex.
App.—Houston [1st Dist.] 2005, no pet.). “[A] defendant’s failure to object to a jury
argument . . . forfeits his right to complain about the argument on appeal.” Id. at 91;
see Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Accordingly,
appellant has failed to preserve these issues for appellate review.
          Appellant also contends that the State argued facts not in evidence when the
prosecutor stated, “You talk about or he got, like, six months on a deal, but the last
time he had gotten eight months and it is really no big deal. It is very common
around here. He is not --.” Defense counsel then objected to facts not in evidence. 
The trial court instructed the jury by stating, “Lawyer’s arguments are not evidence,
ladies and gentlemen,” and overruled the objection.
          The State was referring to the testimony of Harry Frazier under direct
examination by the State and cross-examination by appellant, in which Frazier stated
that after he was picked up for possession of cocaine, he attempted to plea bargain in
exchange for identifying the shooter in this case from a photospread. Appellant asked
Frazier if the State had offered him a good deal for identifying appellant in the
photospread. In response, Frazier stated, “[E]verybody quick to give everybody six
months there anyway. If I would have sat it out and just tell them I won’t sign it, they
probably give me six months.”
          Frazier’s testimony supports the State’s argument that Frazier was not given
favorably treatment for his testimony. The trial court instructed the jury that
“Lawyer’s arguments are not evidence, ladies and gentlemen.” Although the State’s
comment about what a “common” punishment would be was technically outside the
record, we hold that it was harmless as (1) the severity of the State’s misconduct was
minor given Frazier’s testimony that he would have received a six-month sentence
even if he did not cooperate, (2) the trial court attempted to cure the problem by
instructing the jury that the argument was not evidence, and (3) the certainty of
appellant’s conviction absent the minor reference to a “common” punishment was
high. See Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (discussing
harm analysis under Tex. R. App. P. 44.2(b)).
          We overrule point of error five.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).